## PYE v. ROBINSON. (No. 7461.)

(Court of Civil Appeals of Texas. Galveston. March 3, 1918.)

JUDGMENT ⬦⬥143(9) — SETTING ASIDE DEFAULT—GROUNDS FOR.

Where a defendant had filed an answer on a former trial, and his codefendant promised to have his attorney represent him on the trial in question, but failed to do so, and default was entered, and there was only one issue which the jury decided in favor of such codefendant, the court erred in not setting aside a default judgment.

Appeal from District Court, Ft. Bend County; Samuel J. Styles, Judge.

Action by T. B. Robinson against A. Pye and others. Judgment for plaintiff as against the named defendant, and he appeals. Reversed and rendered.

Sam, Bradley & Fogle, of Houston, for appellant. D. R. Peareson, of Richmond, for appellee.

PLEASANTS, C. J. This appeal is from a judgment of the district court of Ft. Bend county establishing and foreclosing a lien in favor of appellee upon two mules owned by appellant. The suit was brought by appellee against A. Arsenaux, J. S. Bowser, and appellant to recover upon a note for $1,200 executed in favor of appellee by said Arsenaux and alleged to have been secured by a mortgage upon twelve mules described in the petition. J. S. Bowser was made a party defendant upon allegations charging that he had taken and sold three of said mules and converted the proceeds to his own use, and judgment was sought against him for the sum

of $675, the alleged value of the three mules. The petition further alleged that appellant was in possession of two of the twelve mules covered by the mortgage, and judgment was asked against him foreclosing the alleged mortgage lien upon the two mules.

Appellant filed his original answer on March 28, 1916. In addition to a general demurrer and general denial this answer avers in substance:

"That said purported mortgage on its face provides that said Robinson promised and agreed to extend and have extended the time of payment of said note described in said mortgage, and contained the addition that unless such extension be procured, and granted, and the time of payment of said note, which was then in the hands of another party as collateral, extended, said mortgage shall become and be null and void and without effect, and that such extension must be procured within 60 days from the date of said mortgage; that such extension was not so procured within such time, nor at any other time. and because of such failure to so procure such extension, and failure of consideration of such mortgage, the said mortgage is null and void. and that plaintiff has no lien of any kind or character upon any of the property therein described."

And by cross-action against plaintiff, T. B. Robinson, defendant A. Pye alleged that on the 19th day of February, 1916, he was the owner of and in possession of two mules, and that plaintiff wrongfully took both of said mules from the possession of defendant, and deprived defendant of the use thereof, to his damage in the sum of $150; that defendant was the owner of both of said mules, and that plaintiff, T. B. Robinson, has no right, title, or interest in them, or either of them, and wrongfully asserted an interest in said mules, or claim thereof, and prayed for judgment for his said damage and for title and possession of said two mules.

The defendant J. S. Bowser filed answer April 22, 1916, in which he pleaded general demurrer and general denial to plaintiff's petition, and denied that he had ever converted to his use any of the mules described in plaintiff's petition, and also pleaded that the consideration for such mortgage was to have been the extension of time of payment of said note, and that said Robinson had failed to procure such extension, and because of such failure that said mortgage became null and void, and was not a lien upon any of the property therein described.

Defendant A. Arsenaux, of Yazoo county, Miss., failed to file answer to said cause, and plaintiff demanded and obtained judgment by default against said defendant.

The cause was tried on the 2d day of May, 1916. Charge No. 1 requested by defendant A. Pye was refused, and judgment was rendered on special issues that were submitted to the jury on May 2, 1916, in favor of plaintiff, T. B. Robinson, against defendant A. Arsenaux in the sum of $1,585.09, with interest, in favor of T. B. Robinson, plaintiff, against defendant J. S. Bowser for the sum of $150, and in favor of plaintiff, Robinson, against defendant A. Pye and all other par-

ties defendant, establishing and foreclosing a mortgage lien on all of the mules described in said mortgage. By order granted May 6, 1916, plaintiff's motion for a new trial was granted and said judgment set aside.

On October 17, 1916, plaintiff filed his second amended original petition and second supplemental petition, and on same day defendant A. Arsenaux filed his original answer, whereby he alleged that he did in fact execute said mortgage, but that the real consideration therefor was the extension of said note to be obtained within a period of 60 days, and to be extended for a period of 12 months; that such extension was to be obtained within 60 days from the date of the execution of the mortgage; that at the end of 60 days plaintiff had wholly failed and refused to execute said extension, and notified said defendant Arsenaux that he would not extend the payment of said note; and that because of such failure to extend the time of payment of said note within such time said mortgage was null and void, and was not a lien upon the property therein described.

On October 17, 1916, by order duly entered, an interlocutory judgment by default was granted and entered against defendant A. Pye. On October 18, 1916, said cause was tried, and submitted to the jury on special issues. Question No. 1 was:

"Were the terms of the mortgage executed by A. Arsenaux to T. B. Robinson, and sought to be in this case foreclosed, complied with by Robinson in this: Did Robinson within 60 days after the execution of the mortgage extend and procure an extension of the time of payment of the debt from the time of the execution of the mortgage until October 15, 1915?"

To which question the jury answered: "No."

On October 30, 1916, defendant A. Pye filed a motion to vacate interlocutory judgment by default theretofore entered against him in said cause, and on November 3, 1916, he filed his first amended motion to vacate said default judgment. By order entered November 8, 1916, the motion of defendant A. Pye to have said interlocutory judgment vacated was refused, and on the same day judgment was rendered and entered in favor of plaintiff Robinson, against defendant Arsenaux on said note for the sum of $1,653.43, and on said verdict of the jury that plaintiff take nothing against defendant J. S. Bowser and he go hence without day and against A. Pye, making final interlocutory judgment, and establishing and foreclosing the mortgage lien on the two mules purchased by Pye from Arsenaux and taken from the possession of Pye by plaintiff.

The record shows that appellant was not represented by an attorney upon the trial when the interlocutory judgment by default was rendered against him, and his answer was not then called to the attention of the court. On the former trial he was represented by an attorney, his answer was duly presented, and his attorney requested special

charges be given the jury. Appellant's attorney was not present on the second trial because the defendant Arsenaux had informed him that he would have his (Arsenaux's) attorney represent appellant. Neither appellant nor his attorney knew that appellant was not represented on the second trial until a few days before the motion to set aside the judgment by default was filed. The record does not disclose why Arsenaux failed to keep his agreement to have appellant represented on the trial. The motion to set aside the interlocutory judgment by default was filed and presented before any final judgment was rendered in the case. This motion did not ask that defendant be given a hearing on his cross-action for damages, and that portion of defendant's answer was abandoned.

We think upon the showing made by appellant the trial court should have set aside the interlocutory judgment by default. While the answer of appellant was not called to the attention of the court on the second trial before the judgment by default was rendered, it had been filed and presented upon the former trial, and was on file when the default judgment was rendered. It may be assumed, though the court does not so state, that the fact that the answer had been presented on the former trial was not in the mind of the court when the judgment by default was rendered, and if the failure of appellant to have his answer presented could have had any possible effect upon the jury in reaching their conclusion upon the fact issue submitted upon the answers of the defendants Bowser and Arsenaux, which was the identical issue presented by appellant's answer, or the granting of the motion had required another trial of the issue between appellee and appellant, the court could have properly refused to set aside the default judgment. But we are of opinion that the motion to set aside the default judgment having been filed before the final judgment was rendered, and the only fact issue in the case having been presented to the jury and decided in appellant's favor, he was entitled to the benefit of the finding of the jury, notwithstanding his answer was not read or called to the attention of the court. It was on file, had been presented to the court on a former trial, made the same defense, and raised the identical issue of fact presented by the answer of the defendants Bowser and Arsenaux. The mortgage which appellee sought to foreclose contains the following recitals:

"Know all men by these presents: That I, A. Arsenaux, a resident citizen of Ft. Bend county, Tex., in consideration of the sum of $1 and other consideration to me in hand paid by Em. R. Robinson and the promise and agreement on the part of said Robinson to extend and have extended the time of payment of the note hereinafter described to October 15, 1915, with the condition that unless such extension is procured and granted in the time of payment of said note, which is now in the hands of another party as collateral, that this mortgage shall not be effective, and if said extension is not procured and granted by the said Robinson and by the party who has the right to collect said note then, this mortgage shall become and be invalid and without effect, and said extension must be procured within 60 days from this date."

The jury having found that the extension was not secured as required by the mortgage, it became of no force or effect. In these circumstances it would manifestly be unjust to permit appellee to take appellant's mules by subjecting them to a mortgage which by its very terms upon the fact findings of the jury has become void and unenforceable. It cannot be said that appellant was without any excuse for his failure to have his answer presented by the court on the trial at which the default judgment was rendered. As before stated, we think under all the circumstances of this case the motion to set aside should have been granted, and appellant, having abandoned his counterclaim judgment, should have been rendered in his favor on the finding of the jury. It follows from these conclusions that the judgment of the trial court should be reversed and judgment here rendered that appellee take nothing by his suit against appellant; and it has been so ordered.

Reversed and rendered.